J-S02008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD FORD | : | |
| | : | |
| Appellant | : | No. 549 EDA 2020 |

Appeal from the PCRA Order Entered January 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002505-2014

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: March 25, 2021

Appellant, Bernard Ford, appeals *pro se* from the post-conviction court's January 14, 2020 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history of Appellant's case in its Pa.R.A.P. 1925(a) opinion, which we adopt herein. ***See*** PCRA Court Opinion (PCO), 8/31/20, at 1-4. We only note that Appellant pled guilty to third-degree murder and criminal conspiracy on November 3, 2015. He was sentenced to an aggregate term of 25 to 50 years' incarceration, and we affirmed his judgment of sentence on direct appeal. ***See Commonwealth v. Ford***, 183 A.3d 1073 (Pa. Super. 2018) (unpublished memorandum).

On April 13, 2018, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed a motion to withdraw and 'no-merit' letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 10, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, but on January 14, 2020, the court issued an order dismissing his petition and granting counsel's motion to withdraw. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it issued a Rule 1925(a) opinion on August 21, 2020.

Appellant states one issue for our review: "Whether trial counsel was ineffective by failing to investigate whether Appellant was competent to plead [guilty]?" Appellant's Brief at 3.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Here, Appellant claims that his counsel was ineffective for failing to ensure that he was competent to enter his guilty plea. According to Appellant, he admitted at the plea proceeding that he had not taken medications prescribed for his various mental health conditions on the night before the plea hearing, yet his attorney failed to investigate whether Appellant was

competent to enter the plea. He insists that, had counsel conducted such an investigation, he would have discovered that Appellant was not entering his plea knowingly, intelligently, and/or voluntarily. Consequently, he claims that counsel rendered ineffective representation.

In assessing Appellant's argument, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the thorough opinion of the Honorable Genece Brinkley of the Court of Common Pleas of Philadelphia County. We conclude that Judge Brinkley's opinion accurately disposes of the issue presented by Appellant. *See* PCO at 4-8.[1] Accordingly, we adopt her opinion as our own, and affirm the order dismissing Appellant's PCRA petition for the reasons set forth therein.[2]

Order affirmed.

---

[1] We note that Judge Brinkley addresses two additional claims in her opinion that Appellant has abandoned on appeal. *See* PCO at 8-10. We express no opinion on Judge Brinkley's assessment of those claims.

[2] We add that, on direct appeal, Appellant argued that his "plea was entered unknowingly and involuntarily due to the fact that Appellant was suffering from mental health illness at the time he entered his plea[,] and had not taken necessary medication the night before he entered his guilty plea[.]" *Commonwealth v. Ford*, No. 3692 EDA 2016, unpublished memorandum at 4 (Pa. Super. filed Jan. 19, 2018) (capitalization omitted). This Court adopted the trial court's opinion, in which it concluded that Appellant's plea was voluntary and knowing, and that he had failed to demonstrate that his mental health issues prevented him from understanding the consequences or terms of his guilty plea. *Id.* at 5 (citing Trial Court Opinion, 6/5/17, at 9-21). Given our prior conclusion that Appellant's plea was voluntary, despite his mental health issues, his ineffectiveness claim lacks arguable merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/21

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

AUG 31 AM 11: 30

| | | |
|---|---|---|
| COMMONWEALTH | : | CP-51-CR-0002505-2014 |
| | : | |
| vs. | : | |
| | : | |
| | : | SUPERIOR COURT |
| BERNARD FORD | : | 549 EDA 2020 |

**OPINION**

BRINKLEY, J.                                              AUGUST 31, 2020

Defendant Bernard Ford filed his first petition for relief under the Post-Conviction Relief

Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective assistance of

counsel, trial court errors, and an illegal sentence. After reviewing Defendant's *pro se* petition

and counsel's no-merit letter[1] pursuant to Commonwealth v. Finley, 550 A.2d 213 (1988), this

Court dismissed Defendant's petition based upon counsel's Finley letter. Defendant appealed this

dismissal to the Superior Court. This Court's dismissal should be affirmed.

**Background**

On July 14, 2013, Alfred McCrory died as a result of multiple gunshot wounds to his

head and torso. On November 14, 2013, after a lengthy police investigation, Defendant was

arrested and charged with murder and conspiracy. After he was arrested, Defendant told police

---

[1] Defendant originally was represented by James A. Lammendola, Esquire, who submitted a Finley letter on October 23, 2018. Subsequently, Stephen O'Hanlon, Esquire represented Defendant. Mr. O'Hanlon submitted a Finley letter on September 30, 2019, and fully incorporated Mr. Lammendola's Finley letter by reference.

that he was present at the scene of the murder, that all of the men involved in the shooting knew each other because they sold drugs together on that block, and that McCrory had been shot because he collected "rent" from Defendant and his friends to sell drugs in the neighborhood but subsequently brought in new people to the block to sell drugs and did not charge them anything. On November 2, 2015, Defendant, with his counsel David Desiderio, Esquire, entered into a Memorandum of Agreement to cooperate with the Commonwealth in which he agreed to testify as a Commonwealth witness against his friends Terrence Johnson and Spencer Hutchins at their joint jury trial. He further agreed to plead guilty to third degree murder and conspiracy. In exchange, the Commonwealth agreed to make a sentencing recommendation commensurate with Defendant's conduct and level of cooperation.

On November 3, 2015, Defendant appeared before this Court and pled guilty to third degree murder and criminal conspiracy. This Court accepted Defendant's guilty plea and deferred sentencing to allow for a presentence investigation report (PSI) and mental health evaluation.

On November 12, 2015, Defendant appeared before this Court as a Commonwealth witness in Hutchins' and Johnson's jury trial. Instead of testifying consistent with his statement to police, Defendant denied knowing McCrory, denied any knowledge of the murder, and denied entering into any deal with the Commonwealth. He claimed that his attorney, Mr. Desiderio, had forced him to plead guilty and that he had failed to take any of his medications on the day of his guilty plea. (N.T. 11/12/15, p. 7-55).

On November 16, 2015, Defendant appeared before this court with new counsel, Perry DeMarco, Jr. who argued that Defendant should be permitted to withdraw his guilty plea. After hearing from several witnesses, listening to argument from both counsel, and reviewing the

2

transcript from the guilty plea colloquy, this Court denied Defendant's motion to withdraw his guilty plea, finding that he knowingly, intelligently, and voluntarily pled guilty, that he was satisfied with his lawyer's representation at the time of his plea, and that Defendant actively participated and cooperated with the Commonwealth in preparing for Hutchins' and Johnson's trial. (N.T. 11/16/15, p. 172-79).

On November 17, 2015, Hutchins' and Johnson's jury trial resumed. Subsequently, the jury found Hutchins and Johnson not guilty on all charges. On May 3, 2016, newly appointed defense counsel Jason Kadish, Esquire filed another Petition to Withdraw Guilty Plea. This Court denied this petition on November 14, 2016.

On that same date, Defendant appeared before this Court for sentencing. This Court sentenced him to an aggregate term of 25 to 50 years state incarceration. On December 5, 2016, Defendant filed a Notice of Appeal to Superior Court. The Superior Court affirmed his judgment of sentence on January 19, 2018.

On April 13, 2018, Defendant filed a *pro se* PCRA petition. On July 27, 2018, James A. Lammendola, Esquire was appointed as PCRA counsel. On October 23, 2018, he filed a no-merit letter pursuant to Finley and a motion to withdraw as counsel. Mr. Lammendola was relieved as counsel on April 23, 2019. On July 17, 2019, Matthew Sullivan, Esquire was appointed as new counsel. He withdrew as counsel on September 12, 2019. On that same date, Stephen O'Hanlon, Esquire was appointed as PCRA counsel. On September 30, 2019, Mr. O'Hanlon filed a Finley letter. On December 10, 2019, this Court sent Defendant a Notice of Intent to Dismiss Pursuant to Rule 907. On December 24, 2019, Defendant replied to the 907 notice. On January 15, 2020, this Court dismissed Defendant's petition based upon counsel's Finley letter. On February 4, 2020, Defendant filed a Notice of Appeal to Superior Court.

3

## Discussion

This Court properly dismissed Defendant's petition based upon counsel's <u>Finley</u> letter. When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. <u>Commonwealth v. Edmiston</u>, 65 A.3d 339, 619 Pa. 549, 558 (2013) (citing <u>Commonwealth v. Breakiron</u>, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The appellate court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. <u>Commonwealth v. Fahy</u>, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing <u>Commonwealth v. Duffey</u>, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

First, Defendant claims that trial counsel was ineffective for allowing him to plead guilty when he was not competent to do so. This claim is wholly without merit. To prevail on a claim alleging counsel's ineffectiveness under the PCRA, a petitioner must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. <u>Commonwealth v. Timchak</u>, 2013 PA Super 157, 69 A.3d 765, 769 (2013) (citing <u>Commonwealth v. Wah</u>, 42 A.3d 335, 338 (Pa.Super.2012)). A petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. <u>Id</u>. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance

4

is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." Commonwealth v. Fears, 624 Pa. 446, 461, 86 A.3d 795, 805 (2014) (quoting Commonwealth v. Steele, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) ("[U]ndeveloped claims, based on boilerplate allegations, cannot satisfy Appellant's burden of establishing ineffectiveness.").

"[A]llegations of ineffectiveness in connection with a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys of criminal cases." Commonwealth v. Willis, 68 A.3d 997, 1002 (Pa.Super.2013)(quoting Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super.2012)). With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Willis, 68 A.3d at 1002 (quoting Commonwealth v. Lewis, 708 A.2d 497, 501 (Pa.Super.1998)). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Willis, 68 A.3d at 1002 (quoting Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa.Super.2008)). "Competence to plead guilty requires a finding that the defendant

5

comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." Willis, 68 A.3d at 1002, (citing Commonwealth v. Turetsky, 925 A.2d 876 (Pa.Super.2007)).

Defendant claims that his attorney, Mr. Desiderio, was ineffective because he allowed Defendant plead guilty when he allegedly was not competent to do so. This claim is without merit. The record shows that Defendant knowingly, intelligently, and voluntarily decided to plead guilty after entering into a Memorandum of Agreement with the Commonwealth. At the guilty plea hearing on November 3, 2015, Defendant reviewed the written guilty plea colloquy with his attorney and signed it. This Court then conducted an extremely thorough and detailed on-the-record colloquy that included specific questions regarding Defendant's mental health and the medications he was taking. In the Opinion filed in connection with Defendant's direct appeal, this Court extensively reviewed the record and found Defendant was competent to plead guilty:

| THE COURT: | Have you ever been a patient in a mental institution or been treated for mental illness? |
| DEFENDANT: | Yes. |
| THE COURT: | And when was that? |
| DEFENDANT: | I don't know. |
| THE COURT: | You don't know? |
| DEFENDANT: | I wasn't in a mental hospital but I got mental health problems. |
| THE COURT: | Okay. What is the nature of your mental health problems? |
| DEFENDANT: | My mom said -- my mom know better. |
| MR. DESIDERIO: | I was informed, by -- |
| THE COURT: | Okay. Just one minute. The trial sheet -- the trial list says ADHD, schizophrenia, and depression with special considerations. So you reported this to someone else already, right? |
| DEFENDANT: | Yes. |
| THE COURT: | This is on your sheet. |
| DEFENDANT: | Yes. |
| THE COURT: | This is on your sheet. Everybody has it. |
| DEFENDANT: | Yes. |
| THE COURT: | So what's written on the sheet says other -- special considerations, other, ADHD, schizophrenia, and depression. |

6

| | |
|---|---|
| DEFENDANT: | Yes. |
| THE COURT: | Can you tell me, is it all three of these or – |
| DEFENDANT: | All three. |
| THE COURT: | And when did you – when were you first diagnosed with these conditions. |
| DEFENDANT: | I'm not sure. |
| THE COURT: | You're not sure. How old – you're 25 now. So how many years have you had these conditions? |
| DEFENDANT: | Since I was 11. |
| THE COURT: | Since you were 11. Are you taking medication? |
| DEFENDANT: | Yes. |
| THE COURT: | What medication are you taking? |
| DEFENDNAT: | Zyprexin and Benadryl. |
| THE COURT: | How often do you take it? |
| DEFENDANT: | Every night. |
| THE COURT: | Okay. So you took it last night? |
| DEFENDANT: | No, I was down in Homicide. |
| THE COURT: | Okay. So when's the last time you took your medication? |
| DEFENDANT: | The day before. |
| THE COURT: | The night before? |
| DEFENDANT: | Yeah. |
| THE COURT: | **And when you take your medication, what does it do for you?** |
| DEFENDANT: | **Mellow, calm.** |
| THE COURT: | Okay. **Do you understand why you're here today?** |
| DEFNEDANT: | **Yes.** |
| THE COURT: | **Why are you here today?** |
| DEFENDANT: | **Enter a guilty plea.** |
| THE COURT: | And to what charge? |
| DEFENDANT: | Third degree. |
| THE COURT: | **All right, sir. And so, basically what you're saying is that right now you understand what you're doing?** |
| DEFENDANT: | **Yes.** |
| THE COURT: | And you've had a conversation with your lawyer about it? |
| DEFENDANT: | Yes. |
| THE COURT: | **And with your mental health issues you are – you still understand and your medications are working for you?** |
| DEFENDANT: | Yes. |
| THE COURT: | **So right now you understand everything that's been said and done so far today?** |
| DEFENDANT: | Yes. |
| THE COURT: | **And right now there are no mental health conditions that would prevent you from continuing with this plea?** |
| DEFENDANT: | No. |
| THE COURT: | Okay. **And are you satisfied with the representation of your lawyer up to this point?** |
| DEFENDANT: | Yes. |

(N.T. 11/3/15, p. 5-9) (emphasis added). Defendant has failed to meet his burden as proof as he has failed to provide any evidence that did not know what he was doing. The record is clear that Defendant understood the nature of the charges against him; therefore, the voluntariness of the plea has been established. There is nothing in the record that indicates that Defendant was confused, disoriented, incoherent or in any way disconnected from reality. To the contrary, Defendant appropriately engaged with the Court, answered questions in a lucid, coherent manner, and informed the Court that he was present to plead guilty to third degree murder. As stated above, a defendant is bound by the statements he makes during his guilty plea colloquy and may not assert grounds for withdrawing the plea that contradict statements that he made. McCauley, *supra*.[2] There is no requirement that Defendant be pleased with the outcome of his decision to plead guilty, "[a]ll that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." Reid, *supra*.[3]

(Trial Court Opinion, 6/5/17, p. 15-18). As stated above, "allegations of ineffectiveness in connection with a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." Here, the record is clear that Defendant voluntarily and knowingly entered into his guilty plea. Thus, counsel cannot be found ineffective and no relief is due.

Next, Defendant claims that this Court erred when it did not permit him to withdraw his guilty plea. This claim should be deemed previously litigated. For purposes of the PCRA, a claim has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2). On direct appeal, Defendant raised the following issue: whether the trial court abused its discretion when it denied Defendant's motion to withdraw his guilty plea. The Superior Court already reviewed this issue and affirmed this Court's decision to deny Defendant's motion; Defendant did not seek petition for review before the Pennsylvania Supreme Court. Since the highest appellate court in

---

[2] Commonwealth v. McCauley, 797 A.2d 910 (Pa.Super.2001).
[3] Commonwealth v. Reid, 117 A.3d 777, 783 (2015).

8

which he could have had review has ruled on the merits of this issue already, this claim should be deemed previously litigated.[4]

Last, Defendant claims that his sentence exceeded the statutory maximum. This claim is meritless. This Court sentenced Defendant to 20 to 40 years state incarceration on the third degree murder conviction and 5 to 10 years state incarceration on the criminal conspiracy charge, to run consecutively to one another. The statutory maximum sentence for third degree murder is 40 years state incarceration. *See* 18 Pa.C.S. § 1102(d). The maximum sentence for criminal conspiracy to commit murder is also 40 years state incarceration. *See* 18 Pa.C.S. § 1102(c). Neither of the sentences imposed by this Court exceeded the statutory maximum term of 40 years incarceration. Thus, no relief is due.

---

[4] He further claims that this Court lacked jurisdiction to preside over his case. This claim is without merit. *See* 18 Pa.C.S. § 102(a)(1) ("Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if [ ]: (1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth.").

9

## CONCLUSION

After reviewing the applicable case law, statutes, and testimony, this Court committed no error. This Court properly dismissed Defendant's petition based upon counsel's <u>Finley</u> letter. Accordingly, no relief is due.

BY THE COURT:

_G Brinkley/cw_

J.

10